# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 00-30424
Summary Calendar

D.C. Docket No. 98-CV-2855 L

U.S. COURT OF APPEALS
FILED
JAN 2 4 2001
CHARLES R. FULBRUGE III
CLERK

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED MAR 2 6 2001
MAR 2 6 2001
LORETTA G. WHYTE
CLERK

THE LOUISIANA PHILHARMONIC ORCHESTRA

    Plaintiff - Appellant

v.

IMMIGRATION AND NATURALIZATION SERVICE

    Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans.

Before REYNALDO G. GARZA, BARKSDALE, and STEWART, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-appellee the costs on appeal.

ISSUED AS MANDATE: MAR 2 6 2001

                  A true copy
                  Test
            Clerk, U. S. Court of Appeals, Fifth Circuit
            By _____
                        Deputy
        New Orleans, Louisiana
                          MAR 2 6 2001

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 00-30424
SUMMARY CALENDAR

---

LOUISIANA PHILHARMONIC ORCHESTRA,
*Plaintiff-Appellant,*

v.

IMMIGRATION AND NATURALIZATION SERVICE,
*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

Before REYNALDO G. GARZA, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[1]

The appellant, the Louisiana Philharmonic Orchestra ("Orchestra") appeals the federal district court's dismissal of its complaint seeking judicial review of the United States Immigration and Naturalization Service's ("INS") denial of the Orchestra's petition seeking non-immigrant worker status for Lingyiang Zhao ("Zhao"). For the reasons stated below, we affirm the dismissal.

The Orchestra is located in New Orleans, Louisiana. It is the only full-time, full-size

---

[1] Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

professional symphony orchestra between Atlanta, Georgia and Houston, Texas. During the 1995-96 season, it gave 137 performances and employed seventy musicians.

In the Fall of 1995, the Orchestra sought to hire Zhao as a violinist. Zhao is a citizen of the People's Republic of China. Accordingly, the Orchestra filed a petition for non-immigrant worker status, on behalf of Zhao, with the INS's Nebraska Service Center ("NSC"). In the petition, the Orchestra requested that the INS grant Zhao a visa and classify her as an H-1B alien. An H-1B alien may temporarily reside in the United States to "perform services . . . in a specialty occupation." 8 U.S.C. § 1101 (a) (15) (H) (1995). A "specialty occupation . . . is an occupation that requires [the] theoretical and practical application of a body of highly specialized knowledge and [the] attainment of a bachelor's degree or [a] higher [degree] in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States." 8 U.S.C. § 1184 (i) (1) (1995).

Since the Orchestra conceded an advanced degree[2] was not required to be employed as an orchestra violinist in the United States, the NSC, pursuant to 8 C.F.R. §214.2 (h) (4) (iii) (A) (1995),[3] requested the Orchestra to present evidence that showed that an orchestra violinist's specific duties are so specialized and complex that the knowledge required to perform such duties is usually associated with the attainment of an advanced degree. The Orchestra presented evidence. The NSC, however, concluded that an orchestra violinist's specific duties are not so specialized and complex that the knowledge required to perform such duties is usually associated

---

[2]An advanced degree is a baccalaureate or higher degree.

[3]8 C.F.R. §214.2 (h) (4) (iii) (A) is an INS regulation that interprets 8 U.S.C. § 1184 (i) (1).

2

with the attainment of an advanced degree because orchestra positions are often filled through blind auditions without regard to one's educational credentials. The NSC denied the Orchestra's petition.

The Orchestra appealed the NSC's denial of its petition to the INS's Administrative Appeals Unit ("AAU"). The AAU affirmed the denial. The Orchestra then filed suit in federal district court seeking judicial review of the INS's denial of its petition. The Orchestra filed a motion for summary judgment. It argued that the INS's denial of its petition was arbitrary and capricious and constituted an abuse of discretion for two reasons: the INS misapplied 8 C.F.R. §214.2 (h) (4) (iii) (A) because it had in effect required that all persons in a prospective specialty occupation have an advanced degree; and the INS had earlier granted three aliens, that the Orchestra had previously sought to hire, H-1B status ("Three Aliens").

The federal district court granted the Orchestra's motion for summary judgment. *See Louisiana Philharmonic Orchestra v. I. N. S.*, 44 F. Supp. 2d 800 (E.D. La. 1999). The trial court found that the INS had abused it discretion when it denied the Orchestra's petition without explaining the difference between Zhao's case and the Three Aliens' cases. The trial court reversed the AAU's ruling and remanded the case to the AAU with instructions to either: grant the Orchestra's petition for Zhao; or articulate a rational basis for its inconsistent treatment of Zhao.

On May 3, 1999, the AAU issued a ruling denying the Orchestra's petition that explained its rational for Zhao's inconsistent treatment. AAU stated that it was not bound by the NSC's decisions, that the NSC erroneously granted the Three Aliens H-1B status, and that if their cases had been appealed to the AAU, the AAU would have denied their petitions. In response, the

Orchestra amended its complaint for judicial review. The Orchestra argued that the AAU's second ruling was arbitrary and capricious, constituted an abuse of discretion, and was not supported by the evidence. The INS filed a Fed. R. Civ. P. 12 (b) (6) motion to dismiss the Orchestra's complaint. The federal district court granted the INS's motion to dismiss. *See Louisiana Philharmonic Orchestra v. I. N. S.*, 2000 WL 282785 (E.D. La. 2000). The trial court found that the AAU had articulated a rational basis for Zhao's inconsistent treatment and that substantial evidence supported the AAU's decision.[4] The Orchestra appealed.

Having reviewed the parties' briefs, the record, and the applicable authority, we AFFIRM the dismissal of the Orchestra's complaint seeking judicial review of the INS's denial of the Orchestra's petition seeking non-immigrant worker status for Zhao based on the federal district court's opinion in *Louisiana Philharmonic*, 2000 WL at 282785.

---

[4]The trial court likened the relationship between the NSC and the AAU to the relationship between a district court and a court of appeals. It stated "[j]ust as district courts do not bind the courts of appeals, service center decisions do not control the AAU." The trial court reasoned that Zhao's case was not controlled by the NSC's earlier decisions regarding the Three Aliens and accepted the INS's conclusion that the Three Aliens' petitions were mistakenly approved. Addressing the substantial evidence argument, the trial court stated that substantial evidence, including letters from various orchestra directors, supported the INS's denial. The trial court further noted that just because evidence may support a different a conclusion, it does not compel it.